



**U.S. Department of Justice**

Eastern District of Louisiana
U. S. Attorney's Office

---

Duane A. Evans
Assistant United States Attorney
Chief, Criminal Division

The Poydras Center
650 Poydras Street, Suite 1600
New Orleans, LA  70130

Telephone # :(504) 680-3069
Fax # : (504) 589-4395

January 16, 2013

Honorable Lance M. Africk
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

  Re: United States v. Dwight Carson, a/k/a "Cooby"
    <u>Criminal Docket No. 10-329 "I"(5)</u>

Dear Judge Africk:

  In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Dwight Carson, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, William P. Gibbens, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

  Dwight Carson has agreed to plead guilty to Counts 1, 2, 5, and 11 of the Third Superseding Indictment. Dwight Carson has agreed to plead guilty to the following charges:

  Count 1:  Conspiracy to violate the Racketeer Influence and Corrupt Organizations Act ("RICO), in violation of Title 18, United States Code, Section 1962(d);

  Count 2:  Conspiracy to Distribute and Possession with Intent to Distribute over 280 grams of Cocaine Base, in violation to Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

Plea Agreement Dwight Carson
Honorable Lance M. Africk
January 10, 2012

  Count 5:  Conspiracy to Possess Firearms, in violation of Title 18, United States Code, Section 924(o); and

  Count 11:  Aiding and Abetting in the Unlawful Acquisition of a Firearm, in violation of title 18, United States Code, Section 922(a)(6) and 2.

  In exchange for this guilty plea, the RICO conspiracy specifically alleges and Dwight Carson will admit to his guilt in racketeering acts involving Conspiracy to Distribute over 280 grams of Cocaine Base and substantive Distribution of quantities of Cocaine Base. However, the Government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a specific sentences are appropriate in the disposition of this case. Specifically, defendant is to receive terms of twenty (20) years imprisonment as to Counts 1, 2 and 5, and ten (10) years imprisonment as to Count 11. These sentences will all run concurrently with each other.

  The defendant understands that this Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in Federal Rule of Criminal Procedure sections 11(c)(3)(A), 4, and 5. The Government will file a Bill of Information alleging one prior felony drug conviction pursuant to Title 21, United States Code, Section 851(a). The parties further agree that should this Court refuse to impose the stipulated sentence, the defendant or the United States Attorney for the Eastern District of Louisiana has the option of declaring this plea agreement null and void. The defendant understands that the Court is not bound to dismiss any count.

  In an effort to resolve this matter in a timely fashion and show good faith, the defendant has agreed to waive his rights pursuant to Rule 410 of the Federal Rules of Evidence. Therefore, if the defendant chooses to rescind this plea agreement after he has signed this document and the accompanying factual basis and thereafter maintains his plea of not guilty, the Government has the right to use the defendant's admitted factual basis as an admission of guilt to the charged offenses in the Government's case-in-chief of the trial in the above referenced matter. Also, the defendant understands that Federal Rule of Evidence 410(a)(3)(4) provides him further protection from the use of such admissions made: (1) during plea negotiations; or (2) as a result of any Federal Rule of Criminal Procedure 11 plea proceeding, but knowingly and voluntarily waives those protections and those rights afforded by Rule 410 as stated above.

  The defendant further understands that if he pleads guilty to Count 1 of the Third Superseding Indictment, he faces up to a maximum of life imprisonment, and/or a fine of $250,000.00. If he pleads guilty to Count 2, he faces a mandatory minimum sentence of ten (10) years imprisonment up to a maximum of life imprisonment and a fine of up to $10,000,000.00. Since the Government filed a bill of information the mandatory minimum sentence increases to

Plea Agreement Dwight Carson
Honorable Lance M. Africk
January 10, 2012

twenty (20) years imprisonment up to a maximum of life imprisonment and a fine of up to $20,000,000.00. If he pleads guilty to Count 5, he faces up to a maximum of twenty (20) years imprisonment, and/or a fine of up to $250,000.00. If he pleads guilty to Count 11, he faces up to a maximum of ten (10) years imprisonment, and/or a fine of up to $250,000.00. For each count, the defendant may also be fined the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571(d).

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed for each count under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to five (5) years pursuant to Title 18, United States Code, Section 3583 as to Count 1 of the Third Superseding Indictment. For Count 2, the defendant will be placed on a term of supervised release after imprisonment for a period of at least ten (10) years pursuant to Title 18, United States Code, Section 3583(b) and Title 21, United States Code, Section 841(b)(1)(A). For Counts 5 and 11, the defendant understands that he will be placed on a term of supervised release after imprisonment for a period of up to three (3) years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a

Plea Agreement Dwight Carson
Honorable Lance M. Africk
January 10, 2012

sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up his right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post-conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

Plea Agreement Dwight Carson
Honorable Lance M. Africk
January 10, 2012

      This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

      The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

      The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

      The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Third Superseding Indictment or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement

Plea Agreement Dwight Carson
Honorable Lance M. Africk
January 10, 2012

on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

**The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.**

Very truly yours,

DANA J. BOENTE
UNITED STATES ATTORNEY

_____
Assistant United States Attorney

_____ 1/16/13
Attorney for the Defendant   (Date)


_____ 1/16/13
Defendant   (Date)

6